UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **CHARLES KILGORE,** )  ) | |
| *Petitioner* ) ) | |
| v. ) ) | No. 3:05cv0492 AS |
| **JOHN R. VANNATTA,** ) ) | |
| *Respondent* ) | |

### *MEMORANDUM, OPINION AND ORDER*

On or about, *pro se* petitioner Charles Kilgore, an inmate at the Miami Correctional Facility in Bunker Hill, Indiana (MCF), filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on February 6, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The Attorney General has placed before this Court a series of documents designated A through H2, both inclusive, which explicate in great detail the proceedings involved. Since that time, numerous proceedings, mostly requests for extensions of time by Mr. Kilgore, but as of this date nothing has been filed by him. So this court will proceed to decide the case on the basis of what is before it.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the MCF in this district. He has been the subject of a prisoner disciplinary proceeding in which the sanction

included an earned credit time deprivation of 30 days.  Thus, *Wolff v. McDonnell*, 418 U.S. 539 (1974) is implicated.  The proceeding was designated as MCF 05-03-0128.  There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit.  *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

  The collateral review envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States.  *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989).  The focus is not on violations of state law.  *See Estelle v. McGuire*, 502 U.S. 62 (1991).  *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997).  In this regard, generally the IDOC policy and the ADP are a species of state law.  *See Hester v. Mc Bride*, 966 F.Supp. 765 (N.D. Ind. 1997).  This court does not bottom any decision here on the basis of harmless error.

  Certainly a prisoner in this species of proceeding has a right under appropriate circumstances to call witnesses.  *See Forbes v. Trigg*, 976 F.2d 308 (7th Cir. 1992), *cert. denied*, 507 U.S. 950 (1993).  However, these witnesses must be requested at an appropriate time during screening.  *See Miller v. Duckworth*, 963 F.2d 1002 (7th Cir. 1992).  In this case, the petitioner failed to make known his request for witnesses.

When the entirety of this record is considered, this *pro se* petitioner has not sustained his burden to establish a basis for relief under 28 U.S.C. §2254.  Therefore, his petition for that relief is now **DENIED**.  **IT IS SO ORDERED**.

**DATED:**  September 8, 2006

                                          **S/ALLEN SHARP**
                                          **ALLEN SHARP, JUDGE**
                                          **UNITED STATES DISTRICT COURT**